**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| Uniloc USA, Inc. and Uniloc (SINGAPORE) Private Limited, | CIVIL ACTION NO. 6:10cv471 |
| Plaintiffs, | |
| v. | |
| (1)   Disk Doctors Labs, Inc.; | JURY TRIAL DEMANDED |
| (2)   SolarWinds Worldwide, LLC (dba SolarWinds); | |
| (3)   SolarWinds, Inc.; | |
| (4)   Vipre Software, Inc; | |
| (5)   Sunbelt Software, Inc.; | |
| (6)   Sunbelt Software Distribution, Inc.; | |
| (7)   MakeMusic, Inc.; | |
| (8)   ComponentOne, L.L.C.; | |
| (9)   Unity Technologies SF; | |
| (10)  Thursby Software Systems, Inc.; | |
| (11)  2X Software, LLC; | |
| (12)  Berkley Integrated Audio Software, Inc.; | |
| (13)  Stat-Ease, Inc.; | |
| (14)  Nitro PDF, Inc.; | |
| (15)  Camera Bits, Inc.; | |
| (16)  Intego, Inc.; and | |
| (17)  CimQuest INGEAR, L.L.C. | |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs, Uniloc USA, Inc. and Uniloc Singapore Private Limited (together "Uniloc" or "Plaintiffs"), as and for their Complaint against Defendants, demand a trial by jury and allege as follows:

## PARTIES

1.  Plaintiff Uniloc USA, Inc. is a Texas corporation having a principal place of business at 2151 Michelson Drive, Irvine, California 92612. Uniloc USA, Inc. also maintains places of business at 100 E. Ferguson Street, Suite 608-A, Tyler, Texas 75702 and a sales office in Plano, Texas.

2.  Plaintiff Uniloc Singapore Private Limited is a Singapore Corporation having a principal place of business at 80 Raffles Plaza, # 33-00 UOB Plaza I, Singapore 048624.

3.  Uniloc (collectively Uniloc USA and Uniloc Singapore) researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files. Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets. Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

4.  The '216 patent is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

5.  On information and belief, Disk Doctors Lab, Inc. is incorporated under the laws of Georgia with its headquarters at 5555 Oakbrook Pkwy, Suite 115, Norcross, Georgia, 30093. This defendant has appointed Muhammad Tariq Aslam, its Chief Executive Officer, at 5555 Oakbrook Pkwy, Suite 115, Norcross, Georgia, 30093 as its agent for service of process. Disk Doctros Lab, Inc. regularly conducts business in this jurisdiction.

6.  On information and belief, Defendant SolarWinds Worldwide, LLC (dba SolarWinds) is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3711 South MoPac Expressway Building Two, Austin, Texas, 78746. This defendant has appointed CT Corporation System, 350 North St. Paul Street, Suite

2900, Dallas, Texas 75201 as its agent for service of process. SolarWinds Worldwide, LLC regularly conducts business in this jurisdiction.

7. On information and belief, Defendant SolarWinds, Inc., is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 3711 South MoPac Expressway Building Two, Austin, Texas, 78746. This defendant has appointed CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201 as its agent for service of process. SolarWinds, Inc. regularly conducts business in this jurisdiction.

8. On information and belief, Defendant Vipre Software, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 33 North Garden Avenue, Suite 1200, Clearwater, Florida 33755. This defendant has appointed Richard A. Jacobson, 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida, 33602 as its agent for service of process. Vipre Software, Inc. regularly conducts business in this jurisdiction.

9. On information and belief, Defendant Sunbelt Software, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 33 North Garden Avenue, Suite 1200, Clearwater, Florida 33755. This defendant has appointed Richard A. Jacobson, 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida, 33602 as its agent for service of process. Sunbelt Software, Inc. regularly conducts business in this jurisdiction.

10. On information and belief, Defendant Sunbelt Software Distribution, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 33 North Garden Avenue, Suite 1200, Clearwater, Florida 33755. This defendant has appointed Richard A. Jacobson, 501 East Kennedy Boulevard, Suite 1700, Tampa, Florida,

33602 as its agent for service of process.  Sunbelt Software Distribution, Inc. regularly conducts business in this jurisdiction.

11.  On information and belief, Defendant MakeMusic, Inc., is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business at 7615 Golden Triangle Drive, Suite M, Eden Prairie, Minnesota 55344.  This defendant has appointed Ronald Raup, its Chief Executive Officer, at 7615 Golden Triangle Drive, Suite M, Eden Prairie, Minnesota 55344 as its agent for service of process.  MakeMusic, Inc., regularly conducts business in this jurisdiction.

12.  On information and belief, Defendant ComponentOne, L.L.C. is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business at 201 South Highland Avenue, Third Floor, Pittsburgh, Pennsylvania 15206.  This defendant has appointed Sunny Wong, its President, at 201 South Highland Avenue, Third Floor, Pittsburgh, Pennsylvania 15206 as its agent for service of process.  ComponentOne, L.L.C. regularly conducts business in this jurisdiction.

13.  On information and belief, Defendant Unity Technologies SF is a corporation organized and existing under the laws of the State of California with its principal place of business at 50 Osgood Place, Suite 220, San Francisco, California 94133.  This defendant has appointed Kurt A. Kappes at as its agent for service of process at 1201 K Street, Suite 1100, Sacramento, California 95814.   Unity Technologies SF regularly conducts business in this jurisdiction.

14.  On information and belief, Defendant Thursby Software Systems, Inc. is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 5840 West Interstate 20, Suite 160, Arlington, Texas 76017.  This defendant has

appointed William Taylor Thursby as its agent for service of process at 5840 West Interstate 20, Suite 160, Arlington, Texas 76017.  Thursby Software Systems, Inc. regularly conducts business in this jurisdiction.

15.  On information and belief, Defendant 2X Software LLC is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 16301 Quorum Drive, Suite 106A, Addison, Texas, 75001.  This defendant has appointed DL Long, Certified Public Accountant, at 100 Decker Drive, Suite 255, Irving, Texas 75062 as its agent for service of process.  2X Software LLC regularly conducts business in this jurisdiction.

16.  On information and belief, Defendant Berkley Integrated Audio Software, Inc., a corporation organized and existing under the laws of the State of California with its principal place of business at 121 H Street, Petaluma, California 94952.  This defendant has appointed F. Conger Fawcett, 240 Tamal Vista Boulevard, Suite 163, Corte Madera, California.  Berkley Integrated Audio Software, Inc. regularly conducts business in this jurisdiction.

17.  On information and belief, Defendant Stat-Ease, Inc. is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business at 2021 East, Hennepin, Avenue, Suite 480, Minneapolis, Minnesota 55413.   This defendant has appointed Peter Bruce, Founder and President, at 2021 East, Hennepin, Avenue, Suite 480, Minneapolis, Minnesota 55413 as its agent for service of process.   Stat-Ease, Inc. regularly conducts business in this jurisdiction.

18.  On information and belief, Defendant Nitro PDF, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business at 575 Market Street, Suite 3625, San Francisco, California 94105.  This defendant has appointed Sam Chandler, President and Chief Executive Officer, at 575 Market Street, Suite 3625, San

Francisco, California 94105 as its agent for service of process. Nitro PDF, Inc. regularly conducts business in this jurisdiction.

19. On information and belief, Defendant Camera Bits, Inc. is a corporation organized and existing under the laws of the State of Oregon with its principal place of business at 472 South 1st Avenue, Hillsboro, Oregon, 97123. This defendant has appointed MN Service Corporation (Oregon), 111 SW 5th Avenue, Suite 3400, Portland, Oregon 97204 as its agent for service of process. Camera Bits, Inc. regularly conducts business in this jurisdiction.

20. On information and belief, Defendant Intego, Inc. is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 500 North Capital of Texas Highway, Building 8-150, Austin, Texas 78746. This defendant has appointed National Corporation Research, Ltd., Inc., 515 E Park Avenue, Tallahassee, Florida 32301 as its agent for service of process. Intego, Inc. regularly conducts business in this jurisdiction.

21. On information and belief, Defendant CimQuest INGEAR, L.L.C. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 518 Kimberton Road #325, Phoenixville, Pennsylvania 19460. This defendant has appointed Charles Karwoski, its President, at 518 Kimberton Road #325, Phoenixville, Pennsylvania 19460 as its agent for service of process. CimQuest INGEAR, L.L.C. regularly conducts business in this jurisdiction.

## JURISDICTION AND VENUE

22. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

23. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district, including via their websites.

24. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas;  each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

25. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas.  Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas.  Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

26. United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration." was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination.  A true and correct copy of the '216 Patent is attached as Exhibit A.  Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

27. Plaintiff Uniloc USA, Inc. has marked its products with the '216 patent number pursuant to 35 U.S.C. § 287.

28. Upon information and belief, Defendant Disk Doctors Labs, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Disk Doctors Labs, Inc. products including, but not limited to the Disk Doctors Undelete product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Disk Doctors Labs, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

29. Upon information and belief, Defendants SolarWinds Worldwide, LLC (dba SolarWinds) and SolarWinds, Inc. (collectively "SolarWinds") have been and now are infringing, the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple SolarWinds products including, but not limited to its Engineer's Toolset v10 product, use a registration system generating a security

key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant SolarWinds is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

30.  Upon information and belief, Defendants Vipre Software, Inc., Sunbelt Software, Inc. and Sunbelt Software Distribution, Inc. (collectively "Sunbelt") have been and now are infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Sunbelt products including, but not limited to the Vipre Antivirus product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Sunbelt is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

31.  Upon information and belief, Defendant MakeMusic, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that

utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple MakeMusic, Inc products including, but not limited to the Finale SongWriter product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant MakeMusic, Inc is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

32.  Upon information and belief, Defendant ComponentOne, LLC has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple ComponentOne, LLC products including, but not limited to the XapOptimizer product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant ComponentOne, LLC is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

33.   Upon information and belief, Defendant Unity Technologies SF has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple Unity Technologies SF products including, but not limited to the Unity Pro 2.6 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant Unity Technologies SF is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

34.   Upon information and belief, Defendant Thursby Software Systems, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.   Upon information and belief, multiple Thursby Software Systems, Inc. products including, but not limited to the DAVE 8.1 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying

whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Thursby Software Systems, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

35.  Upon information and belief, Defendant 2X Software LLC has been and now is infringing '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple 2X Software LLC products including, but not limited to the 2X ThinClientServer product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant 2X Software LLC is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

36.  Upon information and belief, Defendant Berkley Integrated Audio Software, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Defendant Berkley Integrated Audio Software, Inc. products including, but not limited to the Deck 3.5

product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Defendant Berkley Integrated Audio Software, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

37. Upon information and belief, Defendant Stat-Ease, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Stat-Ease, Inc. products including, but not limited to the Design-Ease 7.1 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Stat-Ease, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

38. Upon information and belief, Defendant Nitro PDF, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that

utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Nitro PDF, Inc. products including, but not limited to the Nitro PDF Professional product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Nitro PDF, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

39.   Upon information and belief, Defendant Camera Bits, Inc. has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, Camera Bits, Inc. products including, but not limited to the Photo Mechanic product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration

system.  Defendant Camera Bits, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

40.  Upon information and belief, Defendant Intego, Inc. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Intego, Inc. products including, but not limited to the Virus Barrier X6 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Intego, Inc. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

41.  Upon information and belief, Defendant CimQuest INGEAR, L.L.C. has been and now is infringing the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple CimQuest INGEAR, L.L.C. products including, but not limited to the NetLogix 3.0 product, use a registration system generating a security key from information input to the software which uniquely identifies an intended

registered user of the software on a computer on which the software is to be installed.   The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.   Defendant CimQuest INGEAR, L.L.C. is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271.

42.  To the extent that facts learned in discovery show that Defendants' infringement of the '216 patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

43.  As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

44.  Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Uniloc respectfully requests that this Court enter:

1.   A judgment in favor of Uniloc that Defendants have infringed the '216 Patent, and that such infringement was willful;

2.   A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '216 Patent;

3.    A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4.    An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6.    Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**

Dated: September 13, 2010

By: /s/ James Etheridge w/permission Wesley Hill
James L. Etheridge
Texas State Bar No. 24059147
LEAD ATTORNEY
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX   76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

T. John Ward, Jr.
Texas State Bar No. 00794818
Wesley Hill
Texas State Bar No. 24032294
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: jw@jwfirm.com
          wh@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 757-7397
E-mail: ema@emafirm.com

**ATTORNEYS FOR PLAINTIFFS**
**UNILOC USA, INC. and UNILOC**
**(SINGAPORE) PRIVATE LIMITED**