IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC., ET AL.<br>Plaintiffs,<br><br>vs.<br><br>SONY CORPORATION OF AMERICA,<br>ET AL.<br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 6:10-CV-373<br>LEAD CONSOLIDATED CASE |

**ORDER OF DISMISSAL**

Before the Court is Symantec Corporation and XtreamLok, Pty's Motion to Dismiss for Lack of Subject Matter Jurisdiction (6:10cv472, Dkt. No. 312) and Uniloc's Motion to Dismiss Remaining Defendants Without Prejudice (6:10cv373, Dkt. No. 256). The Court hereby **GRANTS** the motions and dismisses all claims in the consolidated cases without prejudice.

Symantec Corporation and XtreamLok, Pty moved to dismiss the claims asserted against them alleging that Plaintiffs Uniloc USA, Inc. and Uniloc Singapore Private Limited (collectively "Uniloc") did not have standing in 2010 when the complaint against them was filed. Uniloc filed a response stating that they do not oppose Symantec's Motion to dismiss as long as it is granted without prejudice (6:10cv472, Dkt. No. 321).

Concurrent with its response, Uniloc filed a Motion to Dismiss all the remaining Defendants without prejudice, seeking to resolve the issue of standing. As there is no dispute that Uniloc presently has standing to enforce all rights in U.S. Patent No. 5,490,216 (the "'216 Patent"), Uniloc also filed a new set of cases against Defendants alleging infringement of the '216 Patent. Defendants filed a response stating that they do not oppose the dismissal of Uniloc's complaints against them without prejudice, as Uniloc lacked standing when the lawsuits were filed in 2010, but they do oppose Uniloc's amendment of their infringement contentions and a

longer period of discovery in the newly filed cases. (6:10cv373, Dkt. No. 261).

All parties agree that the cases should be dismissed without prejudice to resolve the issue of lack of standing. Therefore, the Court **DISMISSES** all claims in the consolidated cases **WITHOUT PREJUDICE**. Defendants' requests to have the newly filed cases proceed on the same schedule as the cases to be dismissed, to limit the parties' amendments of their contentions, and to deem motions filed in the current cases ripe for consideration in the newly filed cases are more appropriately dealt with in the new cases. Accordingly, the Court will set a case management conference to discuss how to proceed with the newly filed cases.

**So ORDERED and SIGNED this 23rd day of April, 2013.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**